## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

In re                                                    Case No. 26-11062

William Castle

                                                          Chapter 11

        Debtor.

_____/

## MOTION TO APPOINT ROGER SCHLOSSBERG AS
## GUARDIAN *AD LITEM* OF DEBTOR FOR PURPOSES OF THIS CASE

Comes now William Castle ("Mr. Castle" or the "Debtor"), by and through his state court-appointed guardian *ad litem* Roger Schlossberg ("Mr. Schlossberg"), pursuant to Federal Rule of Bankruptcy Procedure 1004.1, and moves this Honorable Court to appoint Mr. Schlossberg as Mr. Castle's guardian *ad litem* ("GAL") for the duration of this chapter 11 bankruptcy case, and in support thereof states as follows:

### I.    Introduction

Of even date herewith, Mr. Castle has petitioned for chapter 11 relief through his state court-appointed GAL, Mr. Schlossberg. The capacity of Mr. Schlossberg to file the petition is clear under governing law, which expressly allows a GAL to undertake such actions. The same legal scheme, however, also requires that should a GAL—following the docketing of a petition—believe it appropriate to continue to serve in such role, for the duration of a bankruptcy proceeding, leave of this Honorable Court is required.

Mr. Castle is a 79-year-old retiree, with an admirable record of service to his country, who has been enmeshed in civil litigation for several years. During the course of that litigation, certain anomalistic occurrences led to his state court counsel seeking independent expert analysis of Mr. Castle's mental acuity. Two reports—both being filed herewith, under seal, alongside a motion to

1

seal—were then prepared, demonstrating the need of Mr. Castle to proceed through litigation with the aid of not merely his already-employed preeminent local counsel (e.g., Richard Winters, Esquire) but, also, a GAL. The Circuit Court for Frederick County, Maryland found Mr. Castle would need the services of a GAL, *see* Order, attached hereto as Exhibit A, and then appointed Mr. Schlossberg to serve in this role, in both pending cases,[1] *see* Orders of Appointment, attached hereto as Exhibits B and C.

For reasons transparently related to a desire to avoid forthcoming litigation, and to equally stave off a forthcoming foreclosure, Mr. Schlossberg—in consultation with Mr. Castle, Mr. Castle's state court counsel, and undersigned proposed counsel—elected to file a petition for chapter 11 relief. Without delving too deeply into case strategy or abrogating the work product privilege, there exists a clear desire to ensure an older gentleman be able to sensibly reorganize his debts, restructure the debt secured by property that includes—but is not solely comprised of—his personal residence, and achieve the "fresh start" that underlies so much of Title 11 of the United States Code (the "Bankruptcy Code").

The Federal Rules of Bankruptcy Procedure openly contemplate a GAL appointed in state court taking the ensuing step of filing a chapter 11 petition, and Mr. Schlossberg has now exercised his authority to do so. The same rules, however, require entry of a fresh order of appointment for the GAL to continue in service through a bankruptcy case.

---

[1] That Mr. Schlossberg is a panel trustee and seasoned bankruptcy attorney, well familiar with—and to—this Honorable Court, is something of a coincidence. As noted *infra*, such will aid in Mr. Schlossberg's service as a GAL herein, insofar as he comes with a commanding knowledge of bankruptcy law and procedure. But his appointment in state court was simply in his capacity as a trustworthy member of the local bar and well-respected fiduciary, which mirrors the capacity he seeks to fill *sub judice*.

For these reasons, and as explicated below, Mr. Schlossberg respectfully moves this Honorable Court to appoint him in this case and to vest in him the rights, powers and duties necessary to fulfill this role.

## II.     Standard

The role of guardians *ad litem* in bankruptcy is chiefly controlled by Federal Rule of Bankruptcy Procedure 1004.1, which provides, *en toto*:

> (a) Represented Infant or Incompetent Person. If an infant or an incompetent person has a representative—such as a general guardian, committee, conservator, or similar fiduciary—the representative may file a voluntary petition on behalf of the infant or incompetent person.

> (b) Unrepresented Infant or Incompetent Person. If an infant or an incompetent person does not have a representative:

> (1) a next friend or guardian ad litem may file the petition; and

> (2) the court must appoint a guardian ad litem or issue any other order needed to protect the interests of the infant debtor or incompetent debtor.

Fed. R. Bankr. P. 1004.1.

The foregoing rule creates a plain juxtaposition, with subsection (a) allowing extant GALs to file petitions for bankruptcy relief and subsection (b) governing the management of bankruptcy cases by those without a GAL. In this case, however, Mr. Schlossberg's appointment as a pre-petition GAL is coterminous with two state court cases, both of which are stayed by operation of the entry of an order for relief herein. *See* 11 U.S.C. § 362. And while he is accordingly ably situated to file the petition for relief, under subsection (a), he is nonetheless in need of reappointment to carry on for the duration of this case, under subsection (b).

## III.     Argument: It is Appropriate to Appoint Mr. Schlossberg as GAL for the Debtor

Mr. Schlossberg's appointment as GAL is necessary to ensure this case proceed in an orderly fashion, with the Debtor's interests being optimally analyzed and protected at every turn.

While the precise nature of Mr. Castle's disability is not discussed in this public-facing document, the sealed filings make evident that he lacks the capacity to manage a case such as this without the services of a GAL. And while undersigned proposed counsel can do much to advocate for Mr. Castle, myriad critical decisions—from the structuring of a plan of reorganization, to electing the pursuit of contested matters and/or adversary proceedings—will require meaningful client input. In the factual context presented herein, Mr. Schlossberg is best situated to be the individual offering that input and guidance as this case progresses.

As noted by a sister court, ". . . Rule 1004.1 suggests that the bankruptcy court has authority and shall be proactive in making sure an incompetent debtor has a representative to act for him or her and is protected." *In re Matthews*, 516 B.R. 99, 104 (Bankr. N.D. Tex. 2014).

For purposes of the *filing* of this case, precedent instructs a prophylactic definition of "representative" is to be used, recognizing various forms of pre-petition representation may invite the requisite privity. *See* 9 Collier on Bankruptcy P 1004.1.02 ("Under Rule 1004.1(a), if a representative exists under nonbankruptcy law, that person has the authority to file a bankruptcy petition for an infant or incompetent person. The rule does not define 'representative,' but gives as examples a general guardian, committee, conservator, or similar fiduciary. Because the term 'such as' is not exclusive, there can be other types of legal representatives.") (citing *In re Sniff*, 2015 Bankr. LEXIS 3979 (Bankr. D. Colo. Oct. 6, 2015); *In re Drenth*, 2015 Bankr. LEXIS 3160 (Bankr. D. W. Mich. Sept. 10, 2015); *In re Matthews*, 516 B.R. at 104–06).

For purposes of continuing as a GAL in this case, however, case law almost uniformly looks to state law, recognizing that "incompetent person"—as used in Rule 1004.1—is a phrase oftentimes without a verbatim corollary. *See In re Rivas*, 656 B.R. 898, 900-01 (Bankr. E.D. Mo. 2023) ("Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure define the

term 'incompetent.' Therefore, I look to Missouri law for guidance.") (citing *In re Kjellsen*, 53 F.3d 944, 946 (8th Cir. 1995); *In re Sugg*, 632 B.R. 779, 786 (Bankr. E.D. Mo. 2021); *In re Maes*, 616 B.R. 784, 797 (Bankr. D. Colo. 2020)). *See also In re Thompson*, 2010 Bankr. LEXIS 4969, at *2 (Bankr. D.S.C. Dec. 22, 2010) ("A person's competence is generally determined under the incompetency laws of the state of the debtor's domicile.") (citing *In re Whitehead*, 2005 Bankr. LEXIS 1467, 2005 WL 1819399, at *2 (Bankr. M.D.N.C. July 22, 2005)); *In re Sniff*, 2015 Bankr. LEXIS 3979, at *7 (". . . most bankruptcy courts willing to delve into the issue have engaged in an assessment under state law.") (citing *In re Douglas*, 2006 Bankr. LEXIS 4063, 2006 WL 4449695, at *1 (Bankr. W.D. Mo. Sept. 14, 2006); *Whitehead*, 2005 Bankr. LEXIS 1467, 2005 WL 1819399, at *1); *In re Alexander*, 2024 Bankr. LEXIS 2902, at *4-5 (Bankr. M.D. Ala. Dec. 5, 2024) ("Because the Bankruptcy Code and Bankruptcy Rules fail to define 'incompetent,' the Court looks to applicable state law for guidance.") (citing *In re Rivas*, 656 B.R. at 901; *In re Brown*, 645 B.R. 524, 528 (Bankr. D.S.C. 2022); *In re Maes*, 616 B.R. at 797).

In this case, application of state law is relatively simple insofar as a state court—presented with precisely the same individual, facing the analogous context of civil litigation—has already found the Debtor to be "under disability," within the meaning of Maryland Rule 2-202(d). *See* Order, attached hereto as Exhibit A. And Maryland Rule 2-202(d), in turn, is markedly analogous to Rule 1004.1:

> In a suit against an individual under disability, the guardian or other like fiduciary, if any, shall defend the action. The court shall order any guardian or other fiduciary in its jurisdiction who fails to comply with this section to defend the individual as required. If there is no such guardian or other fiduciary, the court shall appoint an attorney to represent and defend the individual.

Md. Rule 2-202(d).

Given the similarities between the state law rule under which two judges have already seen fit to appoint guardians *ad litem* and the federal rule under which this motion is brought, the

dictates of case law that bankruptcy courts defer to applicable state law standards in appointing guardians *ad litem*, and the compelling information set forth in the documents being filed under seal, it is appropriate for this Honorable Court to make such an appointment.

In terms of *who* should be appointed, Mr. Schlossberg is the most logical selection for reasons that are self-evident. While there is no doubt any number of people could ably serve as the Debtor's GAL, Mr. Schlossberg has the distinct advantages of: (i) having long-ago earned the Debtor's trust and confidence; (ii) being familiar with the Debtor's assets (which Mr. Schlossberg has personally viewed and photographed, in anticipation of this filing) and liabilities; (iii) being familiar with the litigation that prompts this bankruptcy case's filing; (iv) having expansive familiarity with the Bankruptcy Code which, in turn, will allow Mr. Schlossberg to serve as a particularly adept equivalent of a corporate debtor designee; and (v) being as familiar with this Honorable Court as, quite likely, any member of the bar.

## IV.    Relief Requested

While slightly more sparse than case law governing the appointment of guardians *ad litem*, precedent does instruct the expansive scope of rights that may be vested in such fiduciaries once appointed. As noted, *supra*, what is sought in the instant case is the functional equivalent of a debtor representative in a corporate chapter 11 case. And precedent from at least one court supports such a grant of authority, with a GAL having formerly been empowered with comparable rights:

> Without limiting the generality of the guardian ad litem's rights, powers, and duties, the guardian ad litem:
>
> (a) shall have the right to request and obtain from any entity (as that term is defined in 11 U.S.C. § 101(15)) any information that [the debtor] could request and obtain, and the guardian ad litem shall have any and all rights, powers, privileges, and authority to request and obtain information that [the debtor] has, without the necessity of approval or ratification from [the debtor];
>
> . . .

6

(c) shall have the authority (i) to initiate and to prosecute any claims or causes of action and to appear and defend on behalf of [the debtor] in any application, motion, adversary proceeding, or any other civil proceeding in this or any other court; (ii) to file, as appropriate, such pleadings and papers as are necessary and appropriate in connection with the seeking of relief under Chapter 13 on behalf of [the debtor], including without limitation the filing of a Chapter 13 plan and any amendments or modifications thereto; (iii) to seek the conversion to Chapter 7 or dismissal of this case; and (iv) to otherwise act for and on behalf of [the debtor] in this case; and

(d) shall have the authority to employ, with approval of the Court, attorneys or other professionals as appropriate. . .

3. Any entity (as that term is defined in 11 U.S.C. § 101(15)) is hereby authorized and directed to provide to the guardian ad litem any documents or other information to which [the debtor] personally is entitled as if [the debtor] had personally requested such documents or other information.

4. The guardian ad litem shall be entitled to allowance of reasonable compensation and reimbursement of expenses ordinarily and necessarily incurred as an administrative expense in this case after notice and a hearing upon application to the Court.

*In re Benson*, 2010 Bankr. LEXIS 1354, at *7-9 (Bankr. N.D. Ga. Apr. 30, 2010).

The relief sought herein is similar—but not identical—to that provided for by the *Benson* Court. Specifically, as noted in the proposed order filed herewith, Mr. Schlossberg seeks the rights to:

1.     Request documents and information in the name of the Debtor, to the same extent as the Debtor would be able to request such documents and information;

2.     Initiate and prosecute any claims or causes of action and to appear and defend on behalf of the Debtor in any application, motion, adversary proceeding, or any other civil proceeding in this Honorable Court or any court having appellate jurisdiction over this Honorable Court (but only to the extent such court is exercising said appellate jurisdiction or acting in furtherance of a withdrawal of the reference to this Honorable Court);

3.     Execute and authorize counsel to file, as appropriate, such pleadings and papers as are necessary and appropriate in connection with the seeking of relief under chapter 11 on behalf

of the Debtor, including—without limitation—the filing of: (i) a Section 1188 status report; (ii) Subchapter V plan of reorganization; (iii) disclosure statement, should one be so ordered or should the Subchapter V eligibility of the Debtor be called into question; (iv) such motions as may be appropriate in the context of this case; and (v) such claim objections as may be appropriate in the context of this case;

4.    Execute and authorize counsel to file schedules for the Debtor, with the declaration thereupon being replaced with the words "Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct to the best of my knowledge and belief;"

5.    Broadly categorize—without exacting specificity—assets of the Debtor, in the aforesaid schedules, where there exists a belief said assets are of *de minimis* value and where the inventorying thereof would be impracticable;

6.    Execute and authorize counsel to file a statement of financial affairs for the Debtor, with the declaration thereupon being replaced with the words "I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the answers are true and correct to the best of my knowledge and belief;"

7.    Execute and authorize counsel to file any other form, requiring an oath by the Debtor, using comparable verbiage indicating the factual assertions therein to be to the best of Mr. Schlossberg's knowledge and belief;

8.    Appear in the place of the Debtor at the initial debtor interview with the United States Trustee, the meeting of creditors called for by Section 341 of the Bankruptcy Code, and at hearings before this Honorable Court;

9.      Take an oath predicated upon the GAL's knowledge and belief at the aforesaid meeting of creditors; and

10.     Be entitled to allowance of reasonable compensation and reimbursement of expenses ordinarily and necessarily incurred as an administrative expense in this case after notice and upon application to this Honorable Court.

Borrowed heavily—albeit not absolutely—from the *Benson* Court, these ten forms of relief are carefully tailored to ensure Mr. Schlossberg is able effectively to serve as the Debtor's fiduciary representative in this case and, equally, that the Debtor's reorganizational aspirations not be hampered by the presence of a GAL with limited duties and authority. Equally, however, these forms of relief have been constructed to ensure Mr. Schlossberg serve solely in a lay, fiduciary context, and not supplant the role of reorganization counsel. It is undersigned proposed counsel who will manage the legal work of this case and be heard to argue matters before this Honorable Court; it is Mr. Schlossberg who will offer the insight and consent necessary of a client seeking to undertake the difficult and complex task of finding a fresh start through chapter 11.

## V.    Conclusion

WHEREFORE, Mr. Castle—by and through Mr. Schlossberg—respectfully prays this Honorable Court (i) enter an order appointing Mr. Schlossberg as guardian *ad litem* for Mr. Castle, substantially in the form attached hereto; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

9

Respectfully submitted,

Dated: February 2, 2026     By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Proposed Counsel for the Debtor*

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of February 2026, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein, including:

- US Trustee - Greenbelt     USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig                     mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.