IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| In re | Case No. 26-11062 |
| William Castle | Chapter 11 |
| Debtor. | |
| _____/ | |

**MOTION TO FILE DOCUMENTS UNDER SEAL**

Comes now William Castle ("Mr. Castle" or the "Debtor"), by and through his state court-appointed guardian *ad litem* Roger Schlossberg ("Mr. Schlossberg"), pursuant to Section 107 of Title 11 of the United States Code and Federal Rule of Bankruptcy Procedure 9018, and moves this Honorable Court for leave to file two documents under seal, and in support thereof states as follows:

I.     **Introduction**

Contemporaneously with the docketing of this motion, a separate motion is being filed in which the Debtor—by and through Mr. Schlossberg—seeks to have Mr. Schlossberg appointed guardian *ad litem* for the duration of this case (the "GAL Motion"). In support of the GAL Motion, the Debtor offers (i) three state court orders, which are *not* being filed under seal and which assuredly may remain in the public record (where they already exist in any event); and (ii) two expert reports on the mental acuity of the Debtor. The latter category of exhibits are highly sensitive in nature and merit being sealed from public scrutiny.

II.     **Standard**

Title 11 of the United States Code (the "Bankruptcy Code") expressly allows, *inter alia*, "On request of a party in interest, the bankruptcy court shall . . . (2) protect a person with respect

1

to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b).

The Federal Rules of Bankruptcy Procedure, in turn, similarly provide that "[o]n motion or on its own, the court may, with or without notice, issue any order that justice requires to . . . (2) protect an entity from scandalous or defamatory matter in any document filed in a bankruptcy case." Fed. R. Bankr. P. 9018(a).

### III.    Argument: Expert Reports Should be Accepted Under Seal

Two documents are sought to be placed under seal in this case: (i) the expert report of Christiane Tellefsen, a medical doctor who examined the Debtor "to determine if he has a mental disorder and, if so, how it may be impacting his capacity to defend against and prosecute pending civil litigation," and (ii) the expert report of Sid Binks, a board certified psychologist, who was referred by Dr. Tellefsen "in order to shed light on [the Debtor's] neurocognitive functioning with regard to civil court proceedings related to his competency to stand trial."[1] Both reports contain detailed discussions of medical testing and the results thereof, including diagnostic assessments of the Debtor's mental condition.

It is standard for medical records to be docketed under seal in federal court proceedings. *See, e.g.*, *Mpoy v. Montgomery Cty.*, 2024 U.S. Dist. LEXIS 158352, at *11-13 (D. Md. Sep. 4, 2024) ("Mpoy submitted medical records under seal as support. The Motion to Seal will be granted because it contains Mpoy's sensitive medical information."); *United States v. Madison*, 2025 U.S. Dist. LEXIS 41956, at *1 (D. Md. Mar. 6, 2025) ("The Court notes that Madison did not file under seal, or otherwise request the sealing of, his recent briefing and attached medical records. But each

---

[1] While the two to-be-sealed documents are quoted herein, the quotations offered are—by design—from prefatory language that does not include the exceedingly sensitive discussions and findings therein.

of these submissions contained personal medical information, at least some of which the Court relied upon in its recent decision. Given the potential privacy concerns, all of those documents—the submissions and the decision—will be sealed on a temporary basis.") (internal citations omitted and cleaned up). *Cf. Doe v. Univ. of Md. Med. Sys. Corp.*, 2024 U.S. Dist. LEXIS 201235 (D. Md. Apr. 12, 2024) (allowing documents to be filed under seal and allowing a litigation plaintiff to proceed under a pseudonym where case concerns an individual's mental health history).

The two records sought be placed under seal in this case are exceedingly sensitive in nature, being frank medical and psychological diagnoses of the Debtor's condition and containing extensive, detailed discussions of the factors and observations that inform those diagnoses. These documents were subjected to a protective order in pre-petition state court proceedings (something the *Doe* Court found to weigh in favor of sealing). *See* Stipulated Protective Order, attached hereto as Exhibit A. And there is comparably good cause to allow these documents to be sealed in the instant bankruptcy proceeding.

### IV. Conclusion

WHEREFORE, Mr. Castle—by and through Mr. Schlossberg—respectfully prays this Honorable Court (i) accept the two indicated documents for docketing under seal; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

Respectfully submitted,

Dated: February 2, 2026   By:   /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of February 2026, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein, including:

- US Trustee - Greenbelt   USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig   mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.

4