IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| In re | Case No. 26-11062 |
| William Castle | Chapter 11 |
| Debtor. / | |

**MOTION TO UTILIZE FDIC-INSURED AND
NCUA-INSURED DEPOSITORY ACCOUNTS**

Comes now William Castle ("Mr. Castle" or the "Debtor"), by and through his state court-appointed guardian *ad litem* Roger Schlossberg ("Mr. Schlossberg"), pursuant to Federal Rule of Bankruptcy Procedure 6004, and moves this Honorable Court for leave to maintain depository accounts at institutions that are insured by the Federal Deposit Insurance Corporation (the "FDIC") or National Credit Union Administration ("NCUA") but that are not necessarily participants in the debtor-in-possession bank account ("DIP Account") program, and in support thereof states as follows:

**I.      Introduction**

While Mr. Schlossberg is still investigating the Debtor's various banking relationships in connection with the preparation of Schedule A/B, it preliminarily appears the Debtor maintains depository accounts at three or more institutions insured by the FDIC or NCUA. It is believed each account carries a relatively modest balance and, equally, that monthly contributions to each account—stemming from pension payments and real property rentals—are equally modest in nature. This is not a case in which there exists any cognizable risk of the Debtor's bank account balances exceeding insurance thresholds. And, especially in light of the requested service of Mr.

1

Schlossberg as a guardian *ad litem* in these cases, it is thusly appropriate to clarify that no DIP Account will need to be opened.

While Mr. Schlossberg is aware that the Operating Guidelines and Reporting Requirements of the United States Trustee (the "UST Guidelines") calls for all pre-petition accounts to be closed, and new DIP Accounts to be opened, such seems unpragmatic in the prism of these cases. And Mr. Schlossberg accordingly now asks this Honorable Court to affirmatively permit the Debtor to maintain traditional FDIC-insured and NCUA-insured accounts in accord with prevailing notions of equity and a plain language reading of Title 11 of the United States Code (the "Bankruptcy Code").

To be sure, there are myriad obligations attendant to the maintenance of a chapter 11 proceeding in this Honorable Court, including many enforced by the United States Trustee (the "UST"). Mr. Schlossberg—as the Debtor's proposed guardian *ad litem*—has every intention of complying with each such rigor correlative to this case, and does not seek to shirk the mandates of monthly operating reports, attendance at initial debtor interviews, the ongoing provision of pertinent information when requested by the UST, or anything else. But limiting banking options would serve little demonstrable purpose *sub judice*, especially so long as each of the Debtor's bank accounts is fully insured.

For these reasons, and as extrapolated upon *infra*, Mr. Schlossberg respectfully asks the Debtor be permitted to use traditional depository accounts.

II.     **Argument: Traditional Depository Accounts are Adequately Insured**

For self-evident reasons, the Bankruptcy Code requires debtors' funds be held in properly-insured depository and investment havens. While placing monies in a DIP Account no doubt serves

2

to achieve these ends, certain anomalies create a paradigm where DIP Accounts lack pragmatism in certain cases. This is one such case.

The Bankruptcy Code does not actually mandate that debtors open new bank accounts upon filing petitions for relief, instead requiring only:

> **Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States** or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested—
>
> (1) a bond—
>
> (A) in favor of the United States;
>
> (B) secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and
>
> (C) conditioned on—
>
> (i) a proper accounting for all money so deposited or invested and for any return on such money;
>
> (ii) prompt repayment of such money and return; and
>
> (iii) faithful performance of duties as a depository; or
>
> (2) the deposit of securities of the kind specified in section 9303 of title 31;
>
> unless the court for cause orders otherwise…

11 U.S.C. § 345(b) (emphasis added).

The UST Guidelines, however, go a step further, requiring, *inter alia*, "[t]he debtor must immediately close pre petition bank accounts and open new 'debtor in possession' bank accounts. All receipts must flow through the debtor in possession account(s). All disbursements should be by check." UST Guidelines, p. 3, § II(A)(1).

Under Section 345 of the Bankruptcy Code, a regime is created through which DIP Accounts can be established at banks that post the requisite bond and agree to participate in the subject program. The regime, however, is plainly only applicable "[e]xcept with respect to a

3

deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States…" 11 U.S.C. § 345(b). And where the FDIC insures a bank, the institution may be understood to have the protections of "a department, agency, or instrumentality of the United States." *See, e.g.*, 12 U.S.C. § 1811(a) ("There is hereby established a Federal Deposit Insurance Corporation … which shall insure, as hereinafter provided, the deposits of all banks and savings associations which are entitled to the benefits of insurance under this chapter, and which shall have the powers hereinafter granted"). The same is true of the NCUA. *See, e.g.*, 12 U.S.C. § 1752a(a) ("There is established in the executive branch of the Government an independent agency to be known as the National Credit Union Administration."); 12 U.S.C. § 1781(a) ("The Board, as hereinafter provided, shall insure the member accounts of all Federal credit unions…").

The current extent of FDIC insurance on each deposit is $250,000.00. 12 U.S.C. § 1821(a)(1)(E). The same limit applies to NCUA insurance. 12 C.F.R. § 745.1(e). Should the Debtor obtain funds in excess of the insured threshold, Mr. Schlossberg will work with the Debtor to open a new account at a new institution, so as to ensure no monies lack appropriate federal insurance. But, for the time being, Mr. Schlossberg believes utilization of traditional depository accounts to offer adequate security to estate funds, and accordingly respectfully seek leave to maintain traditional banking relationships.

### III. Conclusion

WHEREFORE, Mr. Schlossberg—as guardian *ad litem* of the Debtor—respectfully prays this Honorable Court (i) permit the Debtor to utilize non-DIP Accounts at FDIC-insured and NCUA-insured institutions, provided the Debtor have no more than $245,000.00 on deposit at any one institution at any one time; and (ii) afford such other and further relief.

                                                Respectfully submitted,

Dated: February 2, 2026      By:    /s/ Maurice B. VerStandig
                                                      Maurice B. VerStandig, Esq.
                                                       Bar No. MD18071
                                                       The VerStandig Law Firm, LLC
                                                       9812 Falls Road, #114-160
                                                       Potomac, Maryland 20854
                                                       Phone: (301) 444-4600
                                                       mac@mbvesq.com
                                                       *Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 2nd day of February 2026, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein, including:

- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

                                                       /s/ Maurice B. VerStandig
                                                       Maurice B. VerStandig, Esq.