IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

In re                                                          Case No. 26-11062

William Castle                                                 Chapter 11

    Debtor.
_____/

**MOTION TO SHORTEN TIME**

    Comes now Willim Castle ("Mr. Castle" or the "Debtor"), by and through his state court-appointed guardian *ad litem* Roger Schlossberg ("Mr. Schlossberg"), pursuant to Federal Rule of Bankruptcy Procedure 9006(c)(1) and Local Rule 9013-6, and moves this Honorable Court to shorten the response time for parties in interest to respond to the (i) Motion to Appoint Roger Schlossberg as Guardian *Ad Litem* of Debtor for Purposes of this Case (the "GAL Motion"); (ii) Motion to File Documents Under Seal (the "Seal Motion"); and (iii) Motion to Utilize FDIC-Insured and NCUA-Insured Depository Accounts (the "Bank Account Motion") (the GAL Motion, the Seal Motion, and the Bank Account Motion being collectively known as the "First Day Motions"), and to set an expedited hearing on the First Day Motions, and in support thereof states as follows:

    The Debtor—through Mr. Schlossberg—petitioned for chapter 11 relief earlier today, seeking a reprieve from state court litigation, to stay a scheduled foreclosure, and to reorganize his affairs under Subchapter V. As established in the GAL Motion and the exhibits filed therewith, Mr. Castle did so through the agency of Mr. Schlossberg, the Debtor's state court-appointed guardian *ad litem*. As further established in the GAL Motion, it is necessary for Mr. Schlossberg's appointment to be continued by this Honorable Court, with such being essential not merely to the

1

overall function of this case but, too, needed to manage certain preliminary matters such as the filing of schedules and attendance at a meeting of creditors.

The GAL Motion is supported by two exhibits that, per the Seal Motion, have been filed under seal. The Debtor—through Mr. Schlossberg—believes it important those documents be reviewed as part of a ruling on the GAL Motion and, thusly, that the Seal Motion ought to be adjudicated therewith. Similarly, the Debtor—also through Mr. Schlossberg—believes there to be import in establishing the banking framework for the Debtor's chapter 11 estate, so any questions of a need to open a debtor-in-possession account (something that would be extraordinarily complicated in the prism of a case with a guardian *ad litem*) are resolved as soon as practicable.

It is customary for such matters to be heard on shortened notice. *In re Goodrich Quality Theaters, Inc.*, 616 B.R. 514, 516 (Bankr. W.D. Mich. 2020). And, as expressed in the First Day Motions, there is a cognizable exigency in ensuring this case proceed with a guardian *ad litem* in place and sensitive medical records protected under seal. A failure to do so would invite potential discord in the early days of a Subchapter V case that, by statutory design, is to move expeditiously. *See In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 340 (Bankr. S.D. Fla. 2020). Proposed counsel needs to be assured of the propriety of taking direction from Mr. Schlossberg, the United States Trustee and Subchapter V trustee needs to know who will be appearing for an initial debtor interview and at a meeting of creditors, and parties in interest need to know the party speaking on behalf of the Debtor—aside from proposed counsel—is doing so with the requisite authority.

Consistent with Local Rule 9013-6, the Debtor respectfully asks this Honorable Court (i) schedule a hearing on the First Day Motions for any time on Friday, February 6, 2026, via Zoom; and (ii) direct undersigned proposed counsel to give notice of said hearing, via e-mail, to any known counsel for creditors.

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) hear the First Day Motions on an expedited basis; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: February 2, 2026      By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of February 2026, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein, including:

- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.