IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| In re | Case No. 26-11062 |
| William Castle | Chapter 11 |
| Debtor. / | |

**FIRST DAY DECLARATION OF ROGER SCHLOSSBERG**

1. My name is Roger Schlossberg, I am over the age of eighteen, and I am competent to testify to the matters set forth herein.

2. I am the state court-appointed guardian *ad litem* of William Castle ("Mr. Castle" or the "Debtor"), having been appointed by two separate judges of the Circuit Court for Frederick County, Maryland to serve in two separate (albeit related) cases.

3. I am familiar with the (i) Motion to Appoint Roger Schlossberg as Guardian *Ad Litem* of Debtor for Purposes of this Case, DE #3 (the "GAL Motion") and (ii) Motion to File Documents Under Seal, DE #4 (the "Seal Motion"), as well as the various exhibits appended thereto.

4. The three state court orders appended to the GAL Motion are true and accurate copies of the subject orders, as found on the docket of the respective cases in the Circuit Court for Frederick County, Maryland.

5. The two expert reports filed under seal are true and correct copies of the reports, as they were provided to me by the Debtor's state court counsel, proximate to the time of my appointment by the state court.

6. In working as the Debtor's guardian *ad litem* in the two state court cases, I have enjoyed the opportunity to interact with Mr. Castle, have gleaned a fairly deep understanding of

Mr. Castle's circumstances, and have gained a heightened appreciation of the disability referred to in the two aforementioned expert reports.

7. I believe the Debtor genuinely needs the ongoing services of a guardian *ad litem* in this case and needs such person to be vested with the rights and responsibilities requisite to make decisions with Mr. Castle's input but also on Mr. Castle's behalf.

8. I make this assertion not merely as Mr. Castle's extant state court guardian *ad litem* but, too, as an attorney and panel trustee who has devoted the majority of his career to work on bankruptcy matters and who, as such, has an appreciation of the intricacies and complexities of *any* bankruptcy case, much less one pending under chapter 11.

9. Although the undersigned is without any professional training, experience, competence or licensure to permit express medical or psychological diagnoses of Mr. Castle, it is my general observation over the two-plus years of my acquaintance with Mr. Castle that the conditions ascribed to him in the two expert reports—as described therein—do appear to be consistent with Mr. Castle's cognitive processes and his impaired functioning as the apparent result thereof.

10. In reviewing the two reports filed under seal, I believe the information contained therein—including medical observations of the Debtor's mental health, frank observations about certain limitations of the Debtor, and the inventorying of the medications being taken by the Debtor—is highly sensitive in nature and consistent with the manner of material I understand to be normally shielded from public scrutiny.

11. Further declarant sayeth naught.

(*Signature of Affiant on following page*)

        I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   6 February 2026          _____*/s/ Roger Schlossberg*_____
                                                      Roger Schlossberg