Entered: February 20th, 2026
Signed: February 20th, 2026

**SO ORDERED**

In light of the United States Trustees filing of a Line of No Objection [Dkt. No. 26], and for the reasons stated on the record at the hearing on February 6, 2026, the Court finds and concludes that the Motion to Appoint [Dkt. No. 3] should be granted.



*Lori Simpson*
**LORI S. SIMPSON**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| In re | Case No. 26-11062 |
| William Castle | Chapter 11 |
| Debtor. | |
| _____ / | |

### ORDER GRANTING MOTION TO APPOINT ROGER SCHLOSSBERG AS GUARDIAN *AD LITEM* OF DEBTOR FOR PURPOSES OF THIS CASE

Upon consideration of the Motion to Appoint Roger Schlossberg as Guardian *Ad Litem* of Debtor for Purposes of this Case (the "Motion," with the debtor being known as "Mr. Castle" or the "Debtor" and the proposed guardian *ad litem* being known as "Mr. Schlossberg"), any objections thereto, the record herein, and governing law, it is, by the United States Bankruptcy Court for the District of Maryland, hereby:

FOUND, that the Debtor has been recognized, by two separate state court judges, to be an "individual under disability" within the prism of Maryland state law; and it is further

FOUND, that an "individual under disability" within the scope of Maryland Rule 2-202 is the equivalent of an "incompetent person" within the scope of Federal Rule of Bankruptcy Procedure 1004.1; and it is further

FOUND, that expert reports further evidence—and independently support—the Debtor being a person entitled to protection under Federal Rule of Bankruptcy Procedure 1004.1; and it is further

FOUND, that the Debtor's best interests will be advanced through the service of a guardian *ad litem* for the duration of this case; and it is further

FOUND, that Mr. Schlossberg is the person best situated to serve in the fiduciary capacity as the Debtor's guardian *ad litem* for the duration of this case; and it is further

ORDERED, that the Motion be, and hereby is, GRANTED; and it is further

ORDERED, that Mr. Schlossberg is appointed the Debtor's guardian *ad litem* for the duration of this case, subject to removal only through (i) his own resignation (for any reason or no reason at all) or (ii) an order of this Honorable Court finding good cause to exist for such removal; and it is further

ORDERED, that as guardian *ad litem*, Mr. Schlossberg shall have the rights to:

1. Request documents and information in the name of the Debtor, to the same extent as the Debtor would be able to request such documents and information;

2. Initiate and prosecute any claims or causes of action and to appear and defend on behalf of the Debtor in any application, motion, adversary proceeding, or any other civil proceeding in this Honorable Court or any court having appellate jurisdiction over this Honorable Court (but only to the extent such court is exercising said appellate jurisdiction or acting in furtherance of a withdrawal of the reference to this Honorable Court);

3. File, as appropriate, such pleadings and papers as are necessary and appropriate in connection with the seeking of relief under chapter 11 on behalf of the Debtor, including—without limitation—the filing of a (i) Section 1188 status report; (ii) Subchapter V plan of reorganization;

(iii) disclosure statement, should one be so ordered or should the Subchapter V eligibility of the Debtor be called into question; (iv) such motions as may be appropriate in the context of this case; and (v) such claim objections as may be appropriate in the context of this case;

4. File schedules for the Debtor, with the declaration thereupon being replaced with the words "Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct to the best of my knowledge and belief;"

5. Broadly categorize—without exacting specificity—assets of the Debtor, in the aforesaid schedules, where there exists a belief said assets are of *de minimis* value and where the inventorying thereof would be impracticable;

6. File a statement of financial affairs for the Debtor, with the declaration thereupon being replaced with the words "I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the answers are true and correct to the best of my knowledge and belief;"

7. File any other form, requiring an oath by the Debtor, using comparable verbiage indicating the factual assertions therein to be to the best of Mr. Schlossberg's knowledge and belief;

8. Appear in the place of the Debtor at the initial debtor interview with the United States Trustee, the meeting of creditors called for by Section 341 of the Bankruptcy Code, and at hearings before this Honorable Court;

9. Take an oath predicated upon Mr. Schlossberg's knowledge and belief at the aforesaid meeting of creditors; and

4

      10.    Be entitled to allowance of reasonable compensation and reimbursement of expenses ordinarily and necessarily incurred as an administrative expense in this case after notice and upon application to this Honorable Court.

Copies:
All Counsel of Record