IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re:<br><br>WILLIAM MARSHALL CASTLE,<br><br>Debtor. | Case No.  26-11062 LSS<br>Chapter 11 (Subchapter V) |

**LIMITED OBJECTION TO THE APPLICATION TO APPROVE EMPLOYMENT
OF MAURICE B. VERSTANDIG, ESQ. AND THE VERSTANDIG LAW FIRM, LLC
<u>AS GENERAL REORGANIZATION COUNSEL TO WILLIAM CASTLE</u>**

Matthew W. Cheney, Acting United States Trustee for Region 4 (the "United States Trustee"), by counsel, hereby files this Limited Objection to the Application to Approve Employment of Maurice B. VerStandig, Esq. and The VerStandig Law Firm, LLC as General Reorganization Counsel to William Castle (the "Application") filed by the Debtor on February 2, 2026.  ECF 9.  In support of this objection, the United States Trustee states as follows:

**I.     JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this district under 28 U.S.C. § 1408.

3. The United States Trustee has standing to file this objection pursuant to 11 U.S.C. § 307 and is entrusted with monitoring the applications of attorneys for both employment and compensation.  28 U.S.C. § 586(a)(3)(A), (I).

1

## II. BACKGROUND

4. On February 2, 2026, the Debtor initiated this case by filing a voluntary Chapter 11 petition, electing to proceed under Subchapter V of Chapter 11 as a small business debtor. ECF 1.

5. Included with the Petition was the Debtor's list of 20 largest general unsecured creditors (the "Creditor List"). *See id* at p. 9. Schlossberg & Associates, P.A. d/b/a Schlossberg Mastro ("Schlossberg Mastro") is included on line 12 of the Creditor List with a pre-petition claim against the Debtor for professional services in the amount of $9,999.99. Id. at p. 12.

6. The Debtor filed the Application concurrently with the Petition. ECF 9. The Application seeks to employ Maurice B. VerStandig and The VerStandig Law Firm, LLC (collectively, "VerStandig") as general reorganization counsel to the Debtor.

7. The Debtor also filed a Motion to Appoint Roger Schlossberg as Guardian ad Litem for Debtor for Purposes of this Case (the "GAL Motion"). *See* ECF 3. The GAL Motion was approved by the Court and Roger Schlossberg was appointed Guardian ad Litem of the Debtor (the "GAL"). ECF 31. The GAL has an ownership interest in Schlossberg Mastro.

8. Stephen Metz was appointed as Subchapter V Trustee. ECF 13.

9. On February 17, 2026, the Debtor filed a motion to extend time to file his Schedules A/B-J, Statement of Financial Affairs, and related documents (the "Filing Extension Motion"). ECF 29. The Court granted the Filing Extension Motion and set a March 3, 2026 deadline for the Debtor to file his required bankruptcy documents. ECF 32.

10. As a result of the Filing Extension Motion, the United States Trustee filed a Motion to Extend Time for the United States Trustee to Object to Debtor's Motion to Utilize

Existing Bank Accounts and Application to Employ Debtor's Counsel (the "UST Extension Motion").  ECF 30.  The Court granted the UST Extension Motion.  ECF 35.

11. The deadline for the United States Trustee to object to the Application is March 10, 2026.  Id.

12. On March 3, 2026, the Debtor filed his Schedules A/B-J ("Schedules"), Statement of Financial Affairs ("SOFA"), and an amended list of the Debtor's 20 largest unsecured creditors (the "Amended Creditor List").  ECF 40.

13. Schlossberg Mastro is included on line 14 of the Amended Creditor List with a pre-petition claim against the Debtor for professional services in the amount of $9,999.99. Id. at page 5.

### III.   ARGUMENT

14. Section 327 of the Bankruptcy Code provides for the employment of professionals to assist with bankruptcy cases so long as the professional does not hold an interest adverse to the estate and is otherwise disinterested.  11 U.S.C. § 327.  A professional seeking to be employed under 11 U.S.C. § 327 must file an application and an accompanying verified statement stating specific facts showing the person's connection with creditors and parties in interest.  Fed R. Bankr. P. 2014(a)(2)(F), (a)(3).

15. Disclosure under Bankruptcy Rule 2014 "facilitates the implementation of § 327 and § 101(14) of the Bankruptcy Code." *In re Alpha Nat. Res., Inc.*, 556 B.R. 249, 258 (Bankr. E.D. Va. 2016).  As the applicant, VerStandig is obligated to provide specific facts regarding his connections to the debtor, creditors, and parties in interest, both in his application and accompanying verified statement.  *See* Fed. R. Bankr. P. 2014(a)(2)(F), (3); *see also In re eToys, Inc., et al.*, 331 B.R. 176, 189 (Bankr. D. Del. 2005*)* ("[T]he duty to disclose under Rule 2014 is

considered sacrosanct because the complete and candid disclosure by an attorney seeking employment is indispensable to the court's discharge of its duty to assure the attorney's eligibility for employment under § 327(a) and to make an informed decision on whether the engagement is in the best interest of the estate."); *In re Final Analysis*, *Inc.*, 640 B.R. 633, 641 (Bankr. D. Md. 2022) ("Disclosures made pursuant to Rule 2014 must be explicit enough for the court and other parties to gauge whether the person to be employed is not disinterested or holds an adverse interest.").

16. Compliance with Rule 2014 is mandatory. *In re Blue Ridge Limousine and Tour Service, Inc.*, No. 12-17551, 2014 WL 4101595, at * 4 (Bankr. E.D.Va. Aug. 20, 2014); *In re Vascular Access Centers, L.P.*, 613 B.R. 613, 625 (Bankr. E.D. Pa. 2020) (citing *In re EWC, Inc.,* 138 B.R. 276, 280 (Bankr. W.D. Okl. 1992)) ("'These disclosures are not discretionary' and lawyers 'cannot pick and choose which connections are irrelevant or trivial.'"); *see also In re Rowe*, 750 F.3d 392, 397 (4th Cir. 2014) ("[T]he term 'shall' customarily connotes a command…") (citations omitted).

17. Thus, the professional seeking to be employed under § 327 of the Bankruptcy Code has the duty to disclose in a "timely and complete fashion" under Rule 2014. *In re C&C Demo, Inc.*, 273 B.R. 502, 508 (E.D. Tex. 2001); *see also In re Champagne Servs., LLC*, 560 B.R. 196, 201 (Bankr. E.D. Va. 2016) ("The burden is on the proponent of the application to show that proposed counsel satisfies all requirements, including that he is disinterested."); *In re Sandpoint Cattle Co., LLC*, 556 B.R. 408, 425 (Bankr. D. Neb. 2016) ("[A]ny 'interest or relationship that would even faintly color the independence and impartial attitude required by the Code and Bankruptcy Rules' needs to be disclosed.") (citations omitted).

18. The Application and VerStandig's accompanying verified statement fail to disclose VerStandig's connections to (i) the GAL, who is a party in interest in this proceeding; and (ii) the GAL's firm, Schlossberg Mastro, which is a creditor of the Debtor, as required by Fed. R. Bankr. P. 2014. The Application cannot be approved unless and until it is amended to fully disclose all connections associated with the GAL as both a party in interest and a creditor of the Debtor to properly comply with applicable rules.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Application unless and until both the Application and verified statement of VerStandig are amended in full compliance with applicable rules, together with such other and further relief as this Court deems necessary and appropriate.

Dated: March 9, 2026

**MATTHEW W. CHENEY**
Acting United States Trustee for Region 4
By Counsel:

<u>By: /s/ Courtney L. Morgan</u>
Courtney L. Morgan, Bar No. 17817
Trial Attorney
Office of United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
Telephone: (301) 344-0023
Fax: (301) 344-8431
Email: Courtney.L.Morgan@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 9, 2026, a copy of the foregoing Limited Objection to the Application to Approve Employment of Maurice B. VerStandig, Esq. and The VerStandig Law Firm, LLC as General Reorganization Counsel to William Castle was served electronically through the Court's Electronic Case Filing notices system on the following:

- **Chaitanya Gopal**   cgopal@raslg.com
- **Stephen A. Metz**   smetz@offitkurman.com, MD71@ecfcbis.com;lydia.yale@offitkurman.com
- **L. Jeanette Rice**   Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- **US Trustee - Greenbelt**   USTPRegion04.GB.ECF@USDOJ.GOV
- **Maurice Belmont VerStandig**   mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

                                                /s/ Courtney L. Morgan
                                                Courtney L. Morgan