IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re:<br><br>**WILLIAM MARSHALL CASTLE,**<br><br>Debtor. | Case No. 26-11062 LSS<br>Chapter 11 (Subchapter V) |

**OBJECTION TO MOTION TO UTILIZE FDIC-INSURED
AND NCUA-INSURED DEPOSITORY ACCOUNTS**

Matthew W. Cheney, Acting United States Trustee for Region 4 (the "United States Trustee"), by counsel, hereby objects to the Motion to Utilize FDIC-Insured and NCUA-Insured Depository Accounts ("Bank Account Motion") filed by the Debtor on February 2, 2026. ECF 7. In support of this objection, the United States Trustee states as follows:

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(1).

2. Venue is proper in this district under 28 U.S.C. § 1408.

3. The United States Trustee has standing to file this objection pursuant to 11 U.S.C. § 307 and is entrusted with monitoring the progress of cases filed under Chapter 11 pursuant to 28 U.S.C. § 586(a)(3)(G).

### II. BACKGROUND

4. On February 2, 2026, the Debtor initiated this case by filing a voluntary Chapter 11 petition, electing to proceed under Subchapter V of Chapter 11 as a small business debtor. ECF 1.

5.  Concurrent with the Petition, the Debtor also filed the Bank Account Motion and a Motion to Appoint Roger Schlossberg as Guardian ad Litem for Debtor for Purposes of this Case (the "GAL Motion"). *See* ECF 3, 7. The GAL Motion was approved by the Court and Roger Schlossberg was appointed Guardian ad Litem of the Debtor (the "GAL"). ECF 31.

6.  Stephen Metz was appointed as Subchapter V Trustee. ECF 13.

7.  On February 17, 2026, the Debtor filed a motion to extend time to file his Schedules A/B-J, Statement of Financial Affairs, and related documents (the "Filing Extension Motion"). ECF 29. The Court granted the Filing Extension Motion and set a March 3, 2026 deadline for the Debtor to file his required bankruptcy documents. ECF 32.

8.  As a result of the Filing Extension Motion, the United States Trustee filed a Motion to Extend Time for the United States Trustee to Object to Debtor's Motion to Utilize Existing Bank Accounts and Application to Employ Debtor's Counsel (the "UST Extension Motion"). ECF 30. The Court granted the UST Extension Motion. ECF 35.

9.  The deadline for the United States Trustee to object to the Bank Account Motion is March 10, 2026. Id.

10. On March 3, 2026, the Debtor filed his Schedules A/B-J ("Schedules") and Statement of Financial Affairs ("SOFA"). ECF 40.

11. The Debtor lists six pre-petition bank accounts on Schedule A/B: (i) a checking account at ACNB Bank with a balance of $2,850.98; (ii) a checking account at ACNB Bank with a balance of $3,387.53; (iii) a checking account at ACNB Bank with a balance of $16,402.59; (iv) a checking account at Atlantic Union Bank with a balance of $6,427.68; (v) a checking account at Navy Federal Credit Union with a balance of $0; and (vi) a savings account at Navy

Federal Credit Union with a balance of $9.12 (collectively, the "Pre-Petition Accounts"). ECF 40, Schedule A/B at Lines 17.1-17.6.

12. The Pre-Petition Accounts are the bank accounts at issue in and the subject of the relief sought by the Bank Account Motion.

### III. ARGUMENT

13. Section 345(a) of the Bankruptcy Code requires a trustee or debtor in possession to deposit or invest money of the estate so that it will result in the "maximum reasonable net return. . . [while] taking into account the safety of such deposit or investment." *See* 11 U.S.C. § 345(a).

14. Section 345(b) of the Bankruptcy Code imposes certain requirements as to where estate funds can be held in order to protect the funds for the benefit of all creditors. Unless a deposit or investment is insured or guaranteed by the United States (or a federal department, agency, or instrumentality) or backed by the full faith and credit of the United States, the trustee or debtor in possession must require from an entity with whom estates funds are deposited to post a bond in favor of the United States or, in the alternative, deposit securities of the type specified in section 9303 of title 31 of the United States Code as security for the investment or deposit. *See* 11 U.S.C. § 345(b).

15. To ensure that trustees and debtors in possession meet their responsibilities to safeguard funds in accordance with these provisions of the Bankruptcy Code, the United States Trustee monitors fiduciaries and depositories, and requires that chapter 11 estate assets be held in debtor-in-possession accounts at "authorized depositories," i.e., those that have entered into a Uniform Depository Agreement (a "UDA") with the United States Trustee. *See* United States

Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding" (the "Manual"), §§ 7-1.1 – 7-1.2.

16. The UDA requires the depository to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit. *See* Manual, § 7- 1.2.1. Pursuant to the UDA, each authorized depository is required to provide quarterly reports for all bankruptcy estate accounts on deposit at all branches of the depository within the district. *See* Manual, § 7- 1.3.2.

17. The UDA aims to safeguard estates monies on deposit at UDA banks if those banks encounter difficulties during a case. Specifically, the UDA makes all estate monies on deposit immediately due and payable if the depository bank fails, suspends active operations or becomes insolvent, or if a receiver, conservator or liquidator is appointed for the bank. In such events, the UDA gives the United States Trustee the immediate right to seek recourse against any surety bond the bank obtained or unilaterally demand turnover and take actual or constructive possession of all securities the bank had pledged as collateral with the Federal Reserve, without notice to the bank.

18. ACNB Bank and Navy Federal Credit Union – which collectively hold five of the six Pre-Petition Accounts – are not on the list of authorized depositories in the District of Maryland and therefore are not subject to a UDA.

19. Though Atlantic Union Bank is an authorized depository in the Eastern and Western Districts of Virginia, it is not an authorized depository in the District of Maryland. As a result, the Pre-Petition Account at Atlantic Union Bank cannot be collateralized as required under an existing UDA. Further, even if Atlantic Union Bank was an authorized depository in

Maryland, this account would only be subject to the UDA if the Debtor (or the GAL) contacted Atlantic Union Bank to ensure that the Debtor's account is properly designated as a debtor in possession account. Taking this action is exactly what the Bank Account Motion seeks to prevent.

20. Notably, at the time the Bank Account Motion was filed, the GAL was admittedly "still investigating the Debtor's various business relationships." *See* ECF 7 at p.1. It is unclear from the Bank Account Motion why exactly the Debtor is in need of an exemption from the rules that are uniformly applied to Chapter 11 debtors in this District, or how the Debtor would have known at the time of filing (and, presumably, the time the Bank Account Motion was granted but for the UST Extension Motion) that such an exemption was necessary or appropriate.

21. For example, the recently filed Schedule A/B indicates that the Debtor's checking account at Navy Federal Credit Union has a zero balance. *See* ECF 40, Schedule A/B at 17.5. There is no reason why this account cannot be closed, especially when the Debtor has *four* other checking accounts, all with positive balances. Nonetheless, the Bank Account Motion's broad request to maintain *all* the Pre-Petition Accounts includes maintaining this zero-balance account.

22. The Bank Account Motion asserts that, because the GAL will be acting on behalf of the Debtor, it is "appropriate to clarify that no DIP account will be opened." *See* ECF 7 at p. 2. There is nothing in the Bank Account Motion to suggest that the GAL would be unable to close existing accounts or set up a new debtor-in-possession account on behalf of or while working with the Debtor. On the contrary, the Bank Account Motion assures that the GAL will "work with the Debtor to open a new account at a new institution" if the Debtor ever obtains funds in excess of the FDIC or NCUA insurance threshold. Id. at p. 4. If the GAL will work

5

with the Debtor to open a bank account in the future, he can certainly work with the Debtor now to open a debtor-in-possession account.

23. The Bank Account Motion further indicates that the Debtor receives monthly deposits into the Pre-Petition Accounts from his various pension and rental income. The United States Trustee believes the Debtor can comply with the banking requirements of a debtor-in-possession by opening a debtor-in-possession account, closing any Pre-Petition Account with a zero balance, and with the assistance of the GAL, effectuating periodic recurring sweeps of estate assets in the remaining Pre-Petition Accounts into the debtor-in-possession account. This mechanism will prevent disruption to the existing direct deposits from the Debtor's social security and pension income, ensure estate cash is properly collateralized, facilitate the United States Trustee's oversight responsibilities in this case, and will also simplify the preparation and review of monthly operating reports.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Bank Account Motion and require the Debtor to promptly open a debtor-in-possession account at an authorized depository and either (i) close all Pre-Petition Accounts; or (ii) close Pre-Petition Accounts with a zero balance and conduct periodic sweeps of estate funds no less than twice per month from all Pre-Petition Accounts that remain open into the debtor-in-possession account, together with such other and further relief as this Court deems necessary and appropriate.

Dated: March 9, 2026

**MATTHEW W. CHENEY**
Acting United States Trustee for Region 4
By Counsel:

By: /s/ Courtney L. Morgan
Courtney L. Morgan, Bar No. 17817
Trial Attorney

                                         Office of United States Trustee
                                         6305 Ivy Lane, Suite 600
                                         Greenbelt, MD 20770
                                         Telephone: (301) 344-0023
                                         Fax: (301) 344-8431
                                         Email: Courtney.L.Morgan@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 9, 2026, a copy of the foregoing Objection to Motion to Utilize FDIC-Insured and NCUA-Insured Depository Accounts was served electronically through the Court's Electronic Case Filing notices system on the following:

- **Chaitanya Gopal**  cgopal@raslg.com
- **Stephen A. Metz**  smetz@offitkurman.com, MD71@ecfcbis.com;lydia.yale@offitkurman.com
- **L. Jeanette Rice**  Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- **US Trustee - Greenbelt**  USTPRegion04.GB.ECF@USDOJ.GOV
- **Maurice Belmont VerStandig**  mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

/s/ Courtney L. Morgan
Courtney L. Morgan