United States Bankruptcy Court

District of Maryland

In re:                                                                                              Case No. 26-11062-LSS

William Marshall Castle                                                                Chapter 11

     Debtor

# CERTIFICATE OF NOTICE

District/off: 0416-0                          User: admin                                    Page 1 of 2

Date Rcvd: Mar 18, 2026                  Form ID: pdfall                          Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol         Definition**

+               Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 20, 2026:**

**Recip ID               Recipient Name and Address**
db                   +  William Marshall Castle, 200 Braeburn Drive, Walkersville, MD 21793-8110

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 20, 2026                      Signature:          /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 17, 2026 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Chaitanya Gopal | cgopal@raslg.com |
| Courtney L. Morgan | courtney.l.morgan@usdoj.gov  USTPRegion04.GB.ECF@USDOJ.GOV |
| Elizabeth Morris | lee@morrissessing.com |
| L. Jeanette Rice | Jeanette.Rice@usdoj.gov  USTPRegion04.GB.ECF@USDOJ.GOV |
| Maurice Belmont VerStandig | mac@mbvesq.com lisa@mbvesq.com,mahlon@dcbankruptcy.com,mac@dcbankruptcy.com,verstandig.mauricer104982@notify.bestcase.com,verstandiglaw@recap.email |

District/off: 0416-0                     User: admin                               Page 2 of 2
Date Rcvd: Mar 18, 2026                  Form ID: pdfall                           Total Noticed: 1

Stephen A. Metz
                    smetz@offitkurman.com  MD71@ecfcbis.com,lydia.yale@offitkurman.com

US Trustee - Greenbelt
                    USTPRegion04.GB.ECF@USDOJ.GOV


TOTAL: 7

Entered: March 17th, 2026
Signed: March 17th, 2026

**SO ORDERED**



**LORI S. SIMPSON**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

|  |  |  |
|---|---|---|
| In re: | * | |
| | * | |
| William Marshall Castle, | * | |
| | * | Case No. 26-11062-LSS |
| | * | Chapter 11 (Subchapter V) |
| Debtors. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### INITIAL SCHEDULING ORDER

The above-captioned debtor and debtor-in-possession (the "Debtor") has elected to proceed with this case under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").[1] The Court enters this Initial Scheduling Order to facilitate the efficient administration of this case and to ensure adequate and proper notice to all affected parties. Accordingly, for good cause appearing, IT IS ORDERED:

1.  <u>Subchapter V Case</u>. Unless and until otherwise ordered by the Court, this case shall be governed by the provisions of Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its assets and is currently operating its business as a debtor-in-possession under § 1184 of the Bankruptcy Code. Unless otherwise ordered by the Court, no committee of creditors or equity security holders will be appointed in this case by the United States Trustee pursuant to §1102(a) of the Bankruptcy Code.

2.  <u>Debtor's Compliance with § 1116</u>. The Debtor shall comply with § 1116 of the Bankruptcy Code.[2]

3.  <u>First Day Motions</u>. To the extent the Debtor requires an expedited hearing on cash collateral, debtor-in-possession financing, prepetition obligations to employees or vendors, or similar first-day relief, the Debtor may file a motion requesting that the Court shorten the objection deadline and set an emergency hearing on such matters pursuant to Local Bankruptcy Rule 9013-6 (the "Emergency Motion"). *The Debtor shall serve the substantive motions and the Emergency Motion on the trustee appointed in this case (the "Subchapter*

---

[1] Subchapter V of Chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020.

[2] Although § 1181(a) of the Bankruptcy Code states that § 1116 is not applicable in a case under Subchapter V of Chapter 11, the various provisions of § 1116 are thereafter made applicable by § 1187(a) and § 1187(b).

*V Trustee") and all parties in interest.* The Court will set a hearing on such matters as soon as reasonably practicable under the circumstances of this case. The Debtor may use the form Emergency Motion available on the Court's website.

4. <u>Bar Date</u>. Unless the Court sets a different date by separate order, the deadlines for parties in interest and governmental units[3] to file proofs of claim or interest in this case are stated in the Notice of Chapter 11 Case, Official Form 309F2.

5. <u>Service of Notice of Case by the Debtor</u>. The Debtor shall serve notice of this case as required under Federal Rule of Bankruptcy Procedure 2015(a)(4) on any entity know to be holding money or property subject to withdrawal or order of the Debtor within seven (7) days of the date of this Order.

6. <u>Objections to Designation</u>. Any challenge to the Debtor's self-designation as a "small business debtor" under § 101(51D) of the Bankruptcy Code must be filed with the Court and served on the Debtor, the Subchapter V Trustee, the United States Trustee, and all parties in interest on or before **March 26, 2026.**

7. <u>Subchapter V Trustee Affidavit</u>. The Subchapter V Trustee shall file with the Court and serve on the Debtor, the United States Trustee, and all parties in interest a declaration or affidavit that sets forth information concerning the Subchapter V Trustee's proposed compensation structure for services provided in connection with this case on or before **March 26, 2026**.

8. <u>Debtor's § 1188(c) Report</u>. The Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest the report required by § 1188(c) of the Bankruptcy Code on or before **March 26, 2026**. *The Debtor's report shall include a description of (i) the Debtor's business or commercial activities, (ii) the Debtor's efforts to formulate a Chapter 11 plan of reorganization, (iii) the Debtor's efforts to communicate with creditors regarding any such plan, and (iv) the Debtor's proposed monthly escrow payments to fund the payment of allowed administrative expenses in the case.[4] The Debtor may use the form report available on the Court's website.*

9. <u>Preliminary Status Conference</u>. The Debtor and the Subchapter V Trustee shall appear at a preliminary status conference before the Court on **April 9, 2026** at **10:00 a.m.**, the hearing will be held via videoconference. For hearing access information see www.mdb.uscourts.gov/hearings or call 410-962-2688. The purpose of the preliminary status conference is to further the expeditious and economical resolution of this case. Other parties in interest may (but are not required to) appear and be heard at the preliminary status conference.

---

[3] The deadline for governmental units to file proofs of claim is governed by § 502(b)(9) of the Bankruptcy Code.

[4] The Debtor will make the monthly escrow payments to the Subchapter V Trustee to be held in escrow pending further Order of the Court. The escrowed amounts shall be applied to the payment of allowed administrative expense claims in the case in accordance with the Bankruptcy Code. The Court will consider the monthly escrow payments proposed by the Debtor at the initial status conference under § 1188 of the Code and enter an appropriate Order thereafter.

10.   Plan of Reorganization. The Debtor shall file with the Court and serve on all parties in interest a plan of reorganization, as required by § 1189(b) of the Bankruptcy Code, on or before **May 4, 2026**. *Any request to extend this 90-day deadline must meet the requirements of § 1189(b) of the Bankruptcy Code[5] and be filed with the Court on or before* April 3, 2026. The Debtor may amend its plan of reorganization any time before the confirmation hearing in accordance with § 1193(a) of the Bankruptcy Code.

11.   Additional Deadlines. The Court will set additional deadlines as and when appropriate to facilitate the efficient administration of this Chapter 11 case.

12.   Service of Initial Scheduling Order by the Debtor. The Debtor shall serve a copy of this Order on the Subchapter V Trustee and all known creditors and parties in interest and file a certificate of service with the Court within seven (7) days of entry of this Order.

13.   Applications for Compensation. For purposes of this case, the Subchapter V Trustee, counsel for the Debtor, and other professionals may use the abbreviated form of Application for Compensation under Subchapter V of Chapter 11 available on the Court's website. Subject to further order of the Court, such applications shall be presumed to comply with Local Bankruptcy Rule 2016-1(a) and this Court's Compensation Guidelines (Appendix D to the Local Bankruptcy Rules). In the event an objection to such an application is filed, the applicant shall file a supplemental memorandum within 14 days that addresses in greater detail the factual and legal issues raised in the objection.

cc:   Debtor
      Debtor's Counsel

**End of Order**

---

[5] Under § 1189(b), the Court may extend the 90-day time period only "if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."