Entered: August 4th, 2026
Signed: July 31st, 2026

**SO ORDERED**



**LORI S. SIMPSON**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| In re | Case No. 26-11062-LSS |
| William Castle | Chapter 11 |
| Debtor. | |

_____/

### ORDER CONSENSUALLY CONFIRMING
### PLAN OF REORGANIZATION UNDER 11 U.S.C. § 1191(a)

Upon consideration of the Debtor's Subchapter V Plan of Reorganization (the "Plan"), DE #52, filed on behalf of William Castle ("Mr. Castle" or the "Debtor"). the record herein, and governing law, it is, by the United States Bankruptcy Court for the District of Maryland, hereby:

FOUND, that the Plan designates classes of claims in a manner compliant with the dictates of title 11 of the United States Code (the "Bankruptcy Code"); and it is further

FOUND, that the Plan specifies the treatment of each class of claims that is impaired thereunder; and it is further

FOUND, that the Plan provides for the same treatment for each claim or interest of each particular class; and it is further

1

FOUND, that the Plan provides adequate means for the Plan's implementation, including—but not limited to—through the application of the Debtor's fixed income streams to the payment of the claims of creditors; and it is further

FOUND, that the Debtor is a natural person, not a corporation; and it is further

FOUND, that the Debtor does not owe any child support or alimony obligations, nor is the Debtor obligated under the provisions of any marital separation agreement; and it is further

FOUND, that the Plan complies with the applicable provisions of the Bankruptcy Code; and it is further

FOUND, that the Debtor has complied—and does continue to comply—with the applicable provisions of the Bankruptcy Code; and it is further

FOUND, that the Plan has been proposed in good faith and not by any means forbidden by law; and it is further

FOUND, that any payment to be made by the Debtor, for services or for costs and expenses in or in connection with this case—or in connection with the Plan and incident to the case—is subject to the approval of this Honorable Court; and it is further

FOUND, that no government regulatory commission has jurisdiction over the rates of the Debtor; and it is further

FOUND, that each impaired class of claims or interests, under the Plan, has accepted the Plan; and it is further

FOUND, that the Plan provides for the payment—in full—of claims arising under Section 507(a)(2) of the Bankruptcy Code; and it is further

FOUND, that this was not an involuntarily filed case and, as such, there do not exist any claims under Section 507(a)(3) of the Bankruptcy Code; and it is further

FOUND, that there do not exist any claims under Section 507(a)(1) of the Bankruptcy Code; and it is further

FOUND, that there do not exist herein any allowed unsecured claims correlative to wages, salaries, commissions, or sales commissions, within the ambit of Section 507(a)(4) of the Bankruptcy Code; and it is further

FOUND, that there do not exist herein any allowed unsecured claims for contribution to an employee benefit plan; and it is further

FOUND, that the Debtor is not—and has not been—in the business of raising grain or acting as a fisherman or fishery; and it is further

FOUND, that there do not exist herein any allowed claims correlative to deposits within the ambit of Section 507(a)(7) of the Bankruptcy Code; and it is further

FOUND, that there have not been filed any claims, in this case, within the ambit of Section 507(a)(8) of the Bankruptcy Code; and it is further

FOUND, that at least one impaired class of claims has accepted the Plan; and it is further

FOUND, that the Plan is one not reasonably likely to be followed by a need for further reorganization; and it is further

FOUND, that all fees due and owing, by the Debtor, under section 1930 of title 28 of the United States Code have either been paid or, pursuant to the provisions of the Plan, are to be paid not later than the effective date of the Plan; and it is further

FOUND, that the Debtor neither owes nor pays retiree benefits; and it is further

FOUND, that the transfer of property under the Plan is therein provided to be made in accordance with governing nonbankruptcy law as expressly modified by title 11 of the United States Code; and it is further

3

ORDERED, that the treatment of Class 2, in Article 4 of the Plan, be, and hereby is, STRICKEN, and replaced with the following language: "Class 2 consists of the secured claim of the Estate of R. Carroll Waltemyer. Until the earlier of (i) the death of Mr. Castle; or (ii) the date on which Mr. Castle causes to be sold the real property commonly known as 200 Braeburn Drive, Walkersville, Maryland 21793 (the "Property"), this class shall be paid in accord with the amortization schedule attached hereto as Exhibit B. Mr. Castle may not sell the Property (directly or through any fiduciary), during his natural life, absent either (i) such sale being in a sum sufficient to pay the Class 2 claim in full; or (ii) the consent of the Class 2 claimholder. Upon the death of Mr. Castle, the Property shall be sold and, after retirement of any liens senior to that of the Class 2 claimholder, all proceeds thereof—up to the allowed then-outstanding sum of the Class 2 claim—shall be paid to the Class 2 claimholder. The claim of this class shall accrue simple interest at the rate of eight percent (8%) per annum, from the petition date. The Class 2 claimant shall retain a lien on the Property, in accord with the provisions of the security instrument recorded in the land records pre-petition, except any provision of said instrument referencing a payment schedule different from that set forth herein, or referencing a maturity date different than that established herein, or relying on terms of a promissory note— or other debt instrument—making similar reference, shall be null and void. To the extent (i) the filing of this bankruptcy case; (ii) any pre-petition action of the Debtor; or (iii) any provision of this Plan would cause the security interest of the Class 2 claimant to create a default, to allow for acceleration of indebtedness, or to otherwise interfere with the language and intent of this Plan, the same shall be similarly null and void. For the avoidance of ambiguity, the Class 2 claim shall only retain a lien on the Property to

4

the extent of the allowed Class 2 claim, less payments made during the life of this Plan." and it is further

ORDERED, that at the close of Article 7 of the Plan, the following sentence shall be added: "Mr. Castle shall cause his monthly SSA Payments, military pension, commercial airline pension, and rental income to all be deposited into a singular depository institution account, which shall be the same account from which Mr. Castle monthly makes payments to the holder of the Class 1 claims." and it is further

ORDERED, that subject to the amendments and alterations set forth herein, the Plan be, and hereby is, CONFIRMED; and it is further

ORDERED, that pursuant to the provisions of Local Rule 3022-1(a)(1), the Debtor shall file a notice of substantial consummation within fourteen (14) days of such occurrence; and it is further

ORDERED, that pursuant to the provisions of Local Rule 3022-1(a)(2), the Debtor shall file post-confirmation progress reports not later than six months after the date of entry of this order and every six months thereafter until such a time as a final decree is filed; and it is further

ORDERED, that the Debtor shall file and serve a notice of the effective date of the Plan, with such service to be on all parties in interest.

I ask for this:

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
THE BELMONT FIRM
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036

Phone: (301) 444-4600
E-mail: mac@dcbankruptcy.com
*Counsel for the Debtor*


Seen and Agreed:



Copies:

All Counsel of Record