IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE: *
William Marshall Castle — Bankruptcy No. 26-11062-LSS
Debtor * (Chapter 11 – Subchapter V)

* * *

**REQUEST FOR ALLOWANCE AND PAYMENT AS ADMINISTRATIVE EXPENSE OF COMPENSATION TO GUARDIAN *AD LITEM* FOR SERVICES RENDERED TO SUBCHAPTER V DEBTOR**

TO THE HONORABLE, LORI S. SIMPSON, BANKRUPTCY JUDGE:

COME NOW, Roger Schlossberg (the "Applicant" or the "Guardian"), and in support of his *Request for Allowance and Payment as Administrative Expense of Compensation to Guardian Ad Litem for Services Rendered to Subchapter V Debtor* (the *"Application*"), hereby respectfully states the following:

**Background of Application Including Prior Service of Guardian in Circuit Court Proceedings in State Court**

1. On or about February 2, 2026, the Debtor William Marshall Castle (the "Debtor") filed his *Voluntary Petition* under Subchapter V of Chapter 11 of the Bankruptcy Code in the above-captioned bankruptcy case, and an order for relief thereupon was entered.

2. As related to the Court in the first-day filing of the Debtor's *Motion to Appoint Roger Schlossberg as Guardian Ad Litem for Purposes of this Case* (the "*Guardian Motion*"; Dkt. No. 3), the Debtor had been enmeshed prior to the commencement of the instant bankruptcy proceedings in multiple related civil suits pending for several years in the Circuit Court for Frederick County, Maryland (the "Circuit Court"). During the course of those years long proceedings under the guidance and handling of his very experienced State court counsel, said counsel observed anomalistic and otherwise inexplicable occurrences which led him to seek independent expert analysis of Mr. Castle's mental acuity by multiple highly qualified health

practitioners. Following their examination and evaluation of the Debtor, their reports thereof were provided to the Circuit Court demonstrating Mr. Castle's need for not only the services of his highly qualified State court counsel to defend Mr. Castle in the Circuit Court cases, but also the services of a guardian *ad litem* to assist Mr. Castle and his State court counsel in the defense of that litigation and to ensure the protection of his interests therein and in all matters related thereto. (Copies of those reports heretofore were filed herein at Dkt. Nos. 5 and 6 and were sealed by this Court's Order dated February 9, 2026 (Dkt. No. 25). Ultimately, the Circuit Court concurred in the recommendations set forth in those expert reports and directed that such a guardian *ad litem* be appointed for Mr. Castle therein; a copy of the Circuit Court's *Order* in that regard having previously been attached as Exhibit A to the *Guardian Motion* (Dkt. No. 3-1).

3. Upon appropriate motion and notice in the State Court, the undersigned Roger Schlossberg thereafter was appointed to serve as such fiduciary in both of the State Court proceedings then pending before the Circuit Court as appears by reference to copies of those Orders entered by the Circuit Court; the same previously having been filed in these proceedings as Exhibits B and C to the *Guardian Motion* (Dkt. Nos. 3-2 and 3-3).

**Appointment of Guardian and Services**
**Rendered in Subchapter V Proceedings**

4. As noted in the *Guardian Motion*, Mr. Castle's need for the services of a guardian *ad litem* in the far more complex instant Chapter 11 Subchapter V proceedings compelled the filing of the *Guardian Motion* immediately upon the initiation of the instant administrative case. Upon careful consideration of that *Guardian Motion*, and in the absence of objection by the United States Trustee or any other party in interest, this Court approved the appointment of the undersigned Guardian by its *Order Granting Motion to Appoint Roger Schlossberg as Guardian Ad Litem for Purposes of this Case* (Dkt. No. 31) entered February 20, 2026.

5. Throughout the prosecution of the Debtor's case, the undersigned acted as Guardian *Ad Litem* for the Debtor in all proceedings herein in close communication and concert with the Debtor and his well experienced Chapter 11 counsel, Maurice ("Mac") VerStandig. Those efforts included the joint initial preparation and presentation of the Debtor's *Schedules* and *Statement of Financial Affairs* and participation in all hearings during the early course of this case. Further, the Guardian actively participated with Mr. VerStandig in the subsequent preparation, filing and prosecution of the *Debtor's Subchapter V Plan of Reorganization* (Dkt. No. 52) filed on March 9, 2026. In addition, the undersigned worked closely with Mr. VerStandig in connection with the filing of routine *Monthly Operating Reports* and other matters routinely encountered in the handling of Chapter 11 and Subchapter V cases. Parallel with those efforts, the Guardian *Ad Litem* maintained close communication with the Debtor carefully navigating the limits of the Debtor's ability to conduct the instant case and stepping in to exercise his fiduciary authority and responsibilities only as and when actually required to protect the interests of the Debtor and the Estate.

**Background and Qualifications of Guardian**

6. The undersigned Guardian is a principal of the law firm of Schlossberg | Mastro whose principal offices are located in Hagerstown, Maryland. The undersigned is an attorney duly admitted to the practice of law in the States of Maryland and West Virginia as well as the District of Columbia and is also admitted to practice and/or appears regularly before the bankruptcy courts of those jurisdictions as well as those of the Western District of Pennsylvania, the Middle District of Pennsylvania and other bankruptcy courts in this region. Said Guardian has been an active practitioner before the said bankruptcy courts for more than 49 years with his practice limited almost exclusively to the representation of creditors and trustees in bankruptcy.

Further, the Guardian was a member of the standing panel of Chapter 7 Trustees in this District from its establishment in 1982 through June of the current year. While no longer accepting new appointments as a panel Trustee, the Guardian continues to serve as a Trustee in numerous cases in various stages of administration.

7. In connection with his professional practice as an attorney at law specializing in bankruptcy law and other creditors' rights matters, the undersigned routinely charges clients for services related to such matters at a rate between $500.00 and $650.00 per hour. However, reflective of the unique character and context of the instant case as well as the substantial experience garnered by the undersigned over a half-century of practice before this Court, and further adjusted to reflect the not inconsiderable respect of the undersigned for the Debtor including his years of active duty military service in defense of our country, the charges of the undersigned for his services as guardian *ad litem* herein were established and maintained at the rate of $600.00 per hour throughout the course of the instant case.

**Requested Compensation**

7. As described in the foregoing narrative and as is detailed in the attached billing notes of the undersigned guardian *ad litem* (the "*Fee Statement*"; a copy of which said *Fee Statement* is attached hereto and incorporated by reference herein as "Exhibit 1"), the efforts of the undersigned guardian *ad litem* in support of the interests of the Debtor and the Estate herein have required total services rendered of 42.80 hours for which compensation has been earned and for which allowance by this *Application* is proper in the aggregate amount of $25,260.00.

8. Upon consideration of the instant *Application*, the Applicant respectfully urges that his services aggregating 42.80 hours with charges therefor in the amount of $25,260.00 are fair and reasonable and have resulted in substantial benefit to the Estate and all parties in interest herein.

Such expenses were actual and necessary costs and expenses of preserving the estate within the contemplation of 11 U.S.C. § 503 and are appropriate for allowance and payment as expenses of administration of the estate entitled to priority treatment in all distributions to creditors herein. Said services of the undersigned Guardian have provided the means for the Debtor to participate meaningfully in these proceedings with the substantial protections of the Guardian always present to afford a sounding board and layer of oversight for the Debtor and assistance to his counsel. Through those joint efforts of the Debtor, his counsel and the Guardian, a fair and equitable Chapter 11 Plan of Reorganization was formulated and presented herein which – in its final form – garnered the acceptance of even the Debtor's most dubious creditor and the approval of this Court. As such, the undersigned Guardian respectfully urges this Court that compensation in the aggregate amount of $25,260.00 should be allowed to the Guardian with priority in treatment as an administrative expense.

WHEREFORE, your Trustee respectfully prays that this Honorable Court:

1. ALLOW professional compensation to Roger Schlossberg, Esquire for his services rendered to the Subchapter V Debtor as guardian *ad litem* in the amount of $25,260.00.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

Respectfully submitted,

SCHLOSSBERG | MASTRO

By: *__/s/ Roger Schlossberg______*

Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742-2067
Telephone: (301) 739-8610
Guardian *Ad Litem*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of September, 2026, I served a copy of the foregoing *Request for Allowance and Payment as Administrative Expense of Compensation to Guardian Ad Litem for Services Rendered to Subchapter V Debtor* upon all parties listed on the attached CM/ECF Mail List:

(a) via electronic mail to those individuals included on the *Electronic Mail Notice List* at those email addresses noted thereon; and

(b) via first-class mail, postage prepaid, to those individuals included on the *Manual Notice List* as follows:

Synchrony Bank by AIS InfoSource LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118

Verizon by AIS InfoSource LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118

and to

Maurice Belmont VeStandig
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, MD 20854

Stphen A. Metz, Trustee
Office Kurman, P.A.
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814

Courtney L. Morgan, Esquire
Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

*/s/ Roger Schlossberg*
Roger Schlossberg