**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| In re | Case No. 26-11062-LSS |
| William Castle | Chapter 11 |
| Debtor. | |

______________________________________/

**FIRST AND FINAL APPLICATION OF THE VERSTANDIG LAW FIRM, LLC FOR PAYMENT OF LEGAL FEES AND REIMBURSEMENT OF EXPENSES**

Comes now The VerStandig Law Firm, LLC ("VLF"), by and through undersigned counsel, pursuant to sections 327 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2016, Local Rule 2016-1, and Appendix D to the Local Rules, and move for approval of (i) $11,760.00 in legal fees; and (ii) $954.24 in reimbursable expenses; for a total approval of (iii) $12,714.24, to be paid under the plan of reorganization (the "Plan," as found at ECF No. 52), as confirmed and modified by this Honorable Court's confirmation order (the "Confirmation Order," as found at ECF No. 82), and in support thereof VLF states as follows:

## I. Introduction

With enormous gratitude to all involved—from this Honorable Court, to the Subchapter V Trustee, to the debtor's guardian *ad litem*, to the creditor and their counsel who made an amicable plan viable, to counsel for the United States Trustee—this case has been a tremendous success. The functions of chapter 11 have been utilized in a manner that permits an older, disabled veteran to retain his home through a restructuring of secured debt. And while such may seem an altogether common occurrence in the world of chapter 11 and chapter 13, there is nonetheless a notable poignancy to this case and the results achieved herein.

VLF is proud to have played a role in this case and to have worked with the aforesaid professionals to find such a warm and rewarding result. For those efforts, compensation is now sought.

## II. Recitations Pursuant to Federal and Local Rules

Rule 2016(a)(1)(A) / Appendix D, § A(1-5): This application seeks allowance of $11,760.00 in legal fees, for 20.8 billable hours of attorney time, and reimbursement of $954.24 in expenses. The blended average billable rate for legal services is $565.38. A discussion of services rendered is included *infra* as part of the lodestar analysis and time records, memorializing the nature of all such services, are appended hereto as Exhibit A.

Rule 2016(a)(1)(B): No interim compensation was sought in this case.

Rule 2016(a)(1)(C): Any allowed fees and costs payable to VLF will take the form of an allowed administrative claim against the debtor's bankruptcy estate.

Rule 2016(a)(1)(D): No previous compensation has been shared.

Rule 2016(a)(1)(E-F): There does not exist any agreement or understanding between VLF and any other entity for sharing compensation for services rendered in connection with this case.

Appendix D, § A(6-7): The necessity of the services rendered, alongside matters relevant to the determination of the reasonableness of the time expended, are discussed in greater detail *infra* as part of the lodestar analysis.

Appendix D, § A(8): By signing this application, undersigned counsel avers that it is his good faith belief the compensation requested is reasonable based upon the customary compensation and reimbursement of expenses charged by VLF and comparably skilled professionals in non-bankruptcy matters.

Appendix D, § A: An order approving the employment of VLF was entered on March 23, 2026. ECF No. 63.

## III. Categorization of Time Entries

In accord with guidelines promulgated by the United States Trustee, VLF recorded all time in this matter in project categories. The time recorded—and compensation requested—for each such project category, is as follows:

a. Case Administration – 13.0 Hours – $7,080 in fees

b. Plan and Disclosure Statement – 7.7 Hours – $4,620.00 in fees

c. Employment and Fee Applications – 0.1 Hours – $60.00 in fees

## IV. *Johnson* Factors

Familiarly, the Fifth Circuit Court of Appeals established the factors by which an attorney's request for compensation ought to be assessed, in the matter of *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), with the Fourth Circuit subsequently adopting these factors. *See Barber v. Kimbrell's*, 577 F.2d 216, 226 (4th Cir. 1978). VLF accordingly addresses each criterion herein:

### a. The time and labor required

As noted *supra*, VLF devoted 20.8 billable attorney hours of time to this case. Not surprisingly, such is actually an understatement of time: attorney discretion is regularly exercised to not bill for short phone calls or e-mails, just as discretion is regularly applied to not always invoice for those miscellaneous spots of personal time when a case-centric observation pops into one's head. The whole of these 20.8 hours come in the form of pure legal work, excepting 1.8 hours which were travel time and which were accordingly billed at a reduced rate of $200.00 per hour.

Much of the time spent on this case was applied to "ordinary" facets of a chapter 11 case. An initial debtor interview was attended, as was a meeting of creditors; a status conference was held, with a report being filed in advance of the same; and a plan of reorganization was prepared and ultimately confirmed.

This case did, too, have certain more unique eccentricities. The debtor entered bankruptcy under the protection of a guardian *ad litem* in state court litigation and a first day motion was made to appoint the same fiduciary herein. Such both streamlined portions of this case (with an experienced bankruptcy fiduciary making decisions for the debtor) and added complications (with there still being an enduring desire to keep the debtor apprised and to work to better understand how various eventualities may impact his more unique personal circumstances).

**b. The novelty and difficulty of the questions**

Most of the questions in this case were relatively mundane: the innerworkings of a subchapter V case and the confirmation of a subchapter V plan are rather common at this point in time. But the case did invite the somewhat novel use of a guardian *ad litem*.

**c. The skill requisite to perform the legal service properly**

This is an awkward factor, inasmuch as the consideration turns on the *Johnson* Court's holding that "[t]he trial judge should closely observe the attorney's work product, his preparation, and general ability before the court." *Johnson*, 488 F.2d at 718. It stands to reason rather few attorneys will self-assess themselves in an objective manner, let alone self-assess negatively, and such may well be why this criterion is expressly dependent upon judicial observation.

Still, undersigned counsel believes he presented clean work product in this case, was appropriately prepared for hearings, and proved sufficiently capable in handling matters before this Honorable Court. There exists no delusion that another attorney would not have been able to

realize the same results, though there also exists a cautious optimism that skill acquired through experience and education did directly inform the ability of the debtor to successfully reorganize.

**d. The preclusion of other employment by the attorney due to acceptance of the case**

VLF does not assert this case required the firm to turn away any other legal work.

**e. The customary fee**

VLF's principal charged an hourly rate of $600 for this case, with a discounted rate of $200 for local travel and with travel from out-of-state being gratis (as is VLF's standard practice; such was not a special accommodation). These figures are, anecdotally, in line with the prevailing normative range of fees charged by chapter 11 counsel in the Washington, DC metropolitan area, and are consistent with what VLF charged other debtor-side clients in the same marketplace at the time of this case's commencement.

The firm primarily operates in the District of Columbia and the District of North Dakota, normatively charging between $500 and $750 per hour to clients in the former market and between $400 and $500 per hour to clients in the latter market. At the time this case was commenced, $600 per hour was the firm's standard partner rate for District of Columbia cases and was applied to this case given the geographic proximity to the District of Columbia and the almost-complete overlap of the Greenbelt and Washington, DC bankruptcy bars.

These rates are—and always have been—market competitive in nature. Certain attorneys charge more and certain attorneys charge less, but it is respectfully submitted that $600 per hour for partner time is an appropriate rate for this variety of work in the Beltway region.

**f. Whether the fee is fixed or contingent**

The fees charged in this case are uniformly based on hourly work, with all time recorded in tenth-of-an-hour increments.

**g. Time limitations imposed by the client or the circumstances**

VLF does not assert this case invited any unusual temporal limitations.

**h. The amount involved and the results obtained**

This case resulted in an elder veteran being able to retain a homestead of enormous sentimental value, thereby avoiding what would have been an emotionally (and economically) devastating foreclosure. Such is a success unto itself. That creditors will receive a healthy stream of payments is, too, a notable achievement.

**i. The experience, reputation, and ability of the attorneys**

Maurice VerStandig ("Mr. VerStandig") is the only attorney to have worked on this case; while VLF employes a second lawyer, who normally works alongside Mr. VerStandig on most chapter 11 matters, unrelated matters kept that attorney fully occupied during the relatively brief pre-confirmation pendency of this case.

Mr. VerStandig graduated from the University of Miami School of Law, *cum laude*, in 2009 and, following a one year clerkship, has been practicing law for 16 years. The overwhelming majority of his practice is devoted to chapter 11 insolvency cases. As noted above, his work is largely split between the District of Columbia and the District of North Dakota, though he also regularly handles bankruptcy cases in this Honorable Court and the United States Bankruptcy Court for the Eastern District of Virginia; on rarer occasions, has appeared in the Southern District of Florida, the District of Nevada, the Central District of California, and the Southern District of New York. He has been a member of the local rules committee, and standing bench/bar committee, for the United States Bankruptcy Court for the District of Columbia since 2020; he has served as an associate editor of the American Bankruptcy Institute Journal since 2021; and he was a member of the American Bankruptcy Institute's "40 Under 40" class of 2024. Mr. VerStandig regularly

publishes articles on bankruptcy-centric topics and frequently speaks at regional and local bar conferences on emerging issues in chapter 11.

**j. The "undesirability" of the case**

VLF does not assert this to have been an undesirable case.

**k. The nature and length of the professional relationship with the client**

As is common in the realm of debtor-side chapter 11 work, VLF did not have any relationship with the debtor before being approached about a potential bankruptcy filing.

**l. Awards in similar cases**

The award sought instantly is—anecdotally—well in line with those regularly petitioned for, and awarded, in other subchapter V cases in this Honorable Court and neighboring courts.

**V. Conclusion**

WHEREFORE, The VerStandig Law Firm, LLC respectfully prays this Honorable Court (i) finally approve and ratify the fees sought herein, in the sum of $11,760.00; (ii) finally approve and ratify the expenses for which reimbursement is sought herein, in the sum of $954.24; (iii) grant VLF an allowed administrative claim against the debtor's estate, to be paid in accord with the Plan, in the sum of $12,714.24; and (iv) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
THE VERSTANDIG LAW FIRM LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
E-mail: mac@dcbankruptcy.com
*Counsel for The VerStandig Law Firm, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of September, 2026, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein, including:

- Daniel Charles Carroll danc@carrollandferguson.com
- Chaitanya Gopal cgopal@raslg.com
- Stephen A. Metz smetz@offitkurman.com, MD71@ecfcbis.com;lydia.yale@offitkurman.com
- Courtney L. Morgan courtney.l.morgan@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- Elizabeth Morris lee@morrissessing.com
- L. Jeanette Rice Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- US Trustee - Greenbelt USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

I FURTHER CERTIFY that on the 21st day of September, 2026, a copy of the notice affixed hereto (but not this application or any other exhibit affixed hereto) is being sent via First Class Mail, postage prepaid, to all parties on the mailing matrix attached hereto as Exhibit B, *except* that no copy is being mailed to undersigned counsel.

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.